IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

```
BRANDON LEE SCROGGIN,          )
                               )
Plaintiff,                     )
                               )
vs.                            )    CAUSE NO. 2:15-CV-432
                               )
PEGGY DAWSON, et al.,          )
                               )
Defendants.                    )
```

**OPINION AND ORDER**

Brandon Lee Scroggin, a *pro se* prisoner, filed an amended complaint under 42 U.S.C. § 1983. (DE #16.) He has also requested a preliminary injunction and to be appointed counsel. (DE ##4, 20.) For the reasons set forth below, the Court:

(1) **DENIES** the motion for appointment of counsel (DE #4);

(2) **DIRECTS** the Clerk to send Scroggin ten copies of this screening order;

(3) **DENIES** the request for a preliminary injunction;

(4) **DIRECTS** the Clerk to send a copy of Scroggin's amended complaint (DE #16) along with his letter (DE #20) a copy of this order to the Superintendent of the Miami Correctional Facility;

(5) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Peggy Dawson and Victoria Burdine in their individual capacities for money damages for continuing to administer crushed Wellbutrin that they were told had made his condition worse;

(6) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Peggy Dawson and Victoria Burdine for injunctive relief in connection with properly administering Wellbutrin;

(7) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Lee Ann Ivers in her individual capacity for money damages for denying him adequate medical care by ignoring his health care requests for his damaged taste buds;

(8) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Lee Ann Ivers for injunctive relief to schedule medical treatment of his damaged taste buds;

(9) **DISMISSES** all other claims;

(10) **DISMISSES** Kathy Griffin, Jennifer Fiscal, Marlene Parker, Richard Webber, and Corizon Health;

(11) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Peggy Dawson, Victoria Burdine and Lee Ann Ivers; and

(12) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Peggy Dawson, Victoria Burdine and Lee Ann Ivers respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

BACKGROUND

Brandon Lee Scroggin, a *pro se* prisoner, filed his amended complaint on April 14, 2016. (DE #16.) He alleges that psychiatrists Peggy Dawson and Victoria Burdine have denied him adequate medical care by administering crushed time-released Wellbutrin. He also alleges that Nursing Director Lee Ann Ivers has ignored his requests to be seen by medical professionals for his injured taste buds suffered as a result of taking crushed Wellbutrin. He further alleges the rest of the individual defendants have failed to help him. And, finally, he brings suit against Corizon Health as the defendants' employer.

DISCUSSION

A. Screening Pursuant to 28 U.S.C. § 1915A

Pursuant to 28 U.S.C. § 1915A, the Court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. In determining whether the complaint states a claim, the Court applies the same standard as when deciding a motion to dismiss under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ.*

*Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, *might* suggest that something has happened to her that *might* be redressed by the law. *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010) (emphasis in original). The Court must bear in mind, however, that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

According to the amended complaint, Scroggin has been diagnosed with Major Depressive Disorder, along with being Bi-Polar and anti-social. Prior to arriving at the Miami Correctional Facility ("Miami"), he was prescribed Wellbutrin to deal with his diagnosed conditions. According to GlaxoSmithKline, Wellbutrin's maker, and the Federal Drug Administration, Wellbutrin should not be crushed.

Once he arrived at Miami, Scroggin was assigned and treated by psychiatrist Peggy Dawson. After approximately eight or nine months, Dawson ordered Scroggin's Wellbutrin to be crushed and taken with water. Scroggin alleges that taking Wellbutrin in this

manner has permanently damaged his taste buds. He claims he cannot taste anything. He further claims that taking crushed Wellbutrin is not effective in controlling his diagnosed mental conditions. Scroggin informed Dawson of these effects, but Dawson told him that the medication would continue to be crushed and put into water pursuant to Victoria Burdine's orders.

Scroggin filled out healthcare request forms asking to be seen by a doctor for his damaged taste buds. However, even though Nursing Director Lee Ann Ivers was aware of his condition, she ignored his healthcare requests. This has resulted in Scroggin not receiving medical treatment.

On August 31, 2015, Scroggin filed an informal grievance complaining about the crushed Wellbutrin and sent copies to Peggy Dawson, Superintendent Kathy Griffin, Assistant Superintendent Jennifer Fiscal, Director of Mental Health, and Marlene Parker. None of these individuals intervened.

Based on these allegations, Scroggin has brought Eighth Amendment claims against Peggy Dawson, Lee Ann Ivers, Marlene Parker, Richard Webber, Kathy Griffin, Jennifer Fiscal, Victoria Burdine, and Corizon Health. Scroggin seeks money damages and injunctive relief – to be medically treated for his damaged taste buds and have his Wellbutrin administered properly.

Under the Eighth Amendment, inmates are entitled to adequate medical care. *Estelle v. Gamble*, 429 U.S. 97, 104 (1976). To

establish liability, a prisoner must satisfy both an objective and subjective component by showing: (1) his medical need was objectively serious; and (2) the defendant acted with deliberate indifference to that medical need. *Farmer*, 511 U.S. at 834. A medical need is "serious" if it is one that a physician has diagnosed as mandating treatment, or one that is so obvious that even a lay person would easily recognize the necessity for a doctor's attention. *Greeno v. Daley*, 414 F.3d 645, 653 (7th Cir. 2005). Deliberate indifference means that the defendant "acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (internal citation omitted).

For a medical professional to be held liable for deliberate indifference to a serious medical need, he or she must make a decision that represents "such a substantial departure from accepted professional judgment, practice, or standards, as to demonstrate that the person responsible actually did not base the decision on such a judgment." *Jackson v. Kotter*, 541 F.3d 688, 697 (7th Cir. 2008). A mere disagreement with medical professionals about the appropriate course of treatment does not establish deliberate indifference, nor does negligence or even medical

practice. *Arnett v. Webster*, 658 F.3d 742, 751 (7th Cir. 2011). An inmate who has received some form of treatment for a medical condition must show that the treatment was "so blatantly inappropriate as to evidence intentional mistreatment likely to seriously aggravate his condition." *Id.*

Here, Scroggin alleges that psychologists Peggy Dawson and Victoria Burdine knew of the warnings against crushing Wellbutrin and also knew of the damages it was causing Scroggin, but nevertheless continued to administer crushed Wellbutrin. This states a claim for deliberate indifference. *Perez v. Fenoglio*, 792 F.3d 768 (7th Cir. 2015). Although further factual development may show that Burdine and Dawson were justified in administering crushed Wellbutrin to Scroggin, giving him the inferences to which he is entitled at this stage, he has alleged enough to proceed on an Eighth Amendment claim against them.

Next, Scroggin brings suit against Lee Ann Ivers, the nursing director, for failing to schedule him to see a medical provider for his injured taste buds. He alleges that Ivers violated the Eighth Amendment by ignoring his health care request forms for treatment. Scroggin states that this resulted in him not receiving treatment, which has caused him to suffer for a prolonged period of time. A delay in providing treatment can constitute deliberate indifference when it causes unnecessary pain or suffering. *Arnett v. Webster*, 658 F.3d 742, 752-53 (7th Cir. 2011); *Grieveson v. Anderson,* 538

F.3d 763, 779 (7th Cir. 2008). Thus, Scroggin has alleged an Eighth Amendment claim against Ivers and he will be permitted to proceed on a claim against her.

Next, Scroggin brings suit against Kathy Griffin, Jennifer Fiscal, Marlene Parker, and Richard Webber for failing to intervene in Burdine and Dawson's decision to administer crushed Wellbutrin. Scroggin does not allege, nor is it reasonable to infer from the amended complaint, that any of these officials played a direct role in the providing of medical care. Nevertheless, Scroggin asserts that they had personal involvement sufficient to trigger liability under Section 1983 because he complained to them about his treatment. "Section 1983 does not establish a system of vicarious responsibility" and "public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 593 (7th Cir. 2009). As the Seventh Circuit has explained:

> Bureaucracies divide tasks; no prisoner is entitled to insist that one employee do another's job. The division of labor is important not only to bureaucratic organization but also to efficient performance of tasks; people who stay within their roles can get more work done, more effectively, and cannot be hit with damages under §1983 for not being ombudsmen. [The] view that everyone who knows about a prisoner's problem must pay damages implies that [a prisoner] could write letters to the Governor of Wisconsin and 999 other public officials, demand that every one of those 1,000 officials drop everything he or she is doing in order to investigate a single prisoner's claims, and then collect damages from all 1,000 recipients if the letter-writing campaign does not lead to better medical care. That can't be right. The Governor, and for that matter the Superintendent of Prisons and the Warden of each prison, is entitled to relegate to the prison's medical staff the provision of

good medical care.

*Id.* at 595.

Nothing in the complaint indicates that Griffin, Fiscal, Parker, Ivers, or Webber did anything to cause or exacerbate Scroggin's serious medical problems. At most, he alleges that they knew about his complaints. Moreover, as noted above, Scroggin was under the treatment of medical staff during this period, and non-medical prison officials cannot be held liable for deferring to their judgment. *Id.* at 596 ("[A] layperson's failure to tell the medical staff how to do its job cannot be called deliberate indifference . . . ."); *Greeno*, 414 F.3d at 656 ("If a prisoner is under the care of medical experts a non-medical prison official will generally be justified in believing that the prisoner is in capable hands."). For these reasons, Scroggin fails to state a claim against these defendants and they must be dismissed.

Finally, Scroggin sues Corizon. He is trying to hold the company liable because it employs the individual medical staff involved in his care. However, there is no general *respondeat superior* liability under 42 U.S.C. § 1983. *Chavez v. Illinois State Police*, 251 F.3d 612, 651 (7th Cir. 2001); *see also Johnson v. Dossey*, 515 F.3d 778, 782 (7th Cir. 2008) ("[A] private corporation is not vicariously liable under § 1983 for its employees' deprivations of others' civil rights."). The crux of his amended complaint is that individual medical staff made poor decisions in

providing him care. Accordingly, Corizon will be dismissed as a defendant.

B. Request for Preliminary Injunction

Scroggin seeks a preliminary injunction requiring officials at Miami to treat his damaged taste buds and to also stop crushing his Wellbutrin. "[A] preliminary injunction is an extraordinary and drastic remedy, one that should not be granted unless the movant, by a clear showing, carries the burden of persuasion." *Mazurek v. Armstrong*, 520 U.S. 968, 972 (1997). To obtain preliminary injunctive relief, the moving party must demonstrate that he or she has a reasonable likelihood of success on the merits, lacks an adequate remedy at law, and will suffer irreparable harm if immediate relief is not granted. *Girl Scouts of Manitou Council, Inc. v. Girl Scouts of U.S., Inc.*, 549 F.3d 1079, 1086 (7th Cir. 2008). Even assuming Scroggin met these threshold requirements, a preliminary injunction would still not be appropriate.

When a prisoner seeks injunctive relief against correctional officials the last factor, public interest, takes on particular importance. Under the Prison Litigation Reform Act, injunctive relief must be "narrowly drawn, extend no further than necessary to remedy the constitutional violation, and must use the least intrusive means to correct the violation of the federal right." *Westefer v. Neal*, 682 F.3d 679, 681 (7th Cir. 2012). As the U.S.

Supreme Court has observed, "the problems of prisons in America are complex and intractable," and "courts are particularly ill equipped to deal with these problems[.]" *Shaw v. Murphy*, 532 U.S. 223, 229 (2001) (internal quote marks and citation omitted). Accordingly, courts must afford prison officials "wide-ranging deference" in the day-to-day operations of a correctional facility. *Bell v. Wolfish*, 441 U.S. 520, 547 (1979). Moreover, a preliminary injunction ordering the defendant to take an affirmative act rather than merely refrain from certain conduct is "cautiously used and sparingly issued." *Graham v. Med. Mut. of Ohio*, 130 F.3d 293, 295 (7th Cir. 1993).

The method of how to administer drugs for a prison inmate and whether to treat certain conditions is an exercise of medical judgment. To obtain a preliminary injunction in such a situation requires proof that prison officials have refused to appropriately administer a drug, appropriately treat a condition, or "to follow the advice of a specialist." *Arnett v. Webster*, 658 F.3d 742, 753 (7th Cir. 2011). While Scroggin has alleged enough to get beyond the pleading stage, he has not presented any evidence from any medical professional that he should not be given crushed Wellbutrin or that he needs medical attention for his taste buds. The Eighth Amendment does not entitle inmates to demand specific care, *id.*, or authorize courts to decide questions of medical care on the basis of lay opinion. *Pyles v. Fahim*, 771 F.3d 403, 409 (7th Cir. 2014);

*Snipes v. DeTella*, 95 F.3d 586, 591 (7th Cir. 1996). Moreover, ordering prison officials to administer medication in a particular manner is a substantial interference with prison administration. Prisons, at times, have strong incentives to crush certain medication to avoid the risk of hoarding. *Craig v. Lane*, No. 2:13-CV-92, 2015 WL 5174049, at *5 (N.D. Ind. Sept. 2, 2015).

Here, public policy weighs against granting an injunction at this preliminary stage. Getting involved in this matter is the type of day-to-day operations the court tries to avoid. Such decisions are better left to the correctional facility's deference. For now, the Superintendent will be provided with a copy of this order so that he is aware of these issues and this litigation so he can best decide how to proceed.

C.  Request for Counsel

Scroggin also requests the court appoint him counsel. Indigent civil litigants have no constitutional or statutory right to be represented by counsel in federal court. *Jackson v. County of McLean*, 953 F.2d 1070, 1073 (7th Cir. 1992). However, the court may in its discretion appoint counsel under 28 U.S.C. § 1915. The Seventh Circuit has directed:

> When confronted with a request under § 1915(e)(1) for pro bono counsel, the district court is to make the following inquiries: (1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear

competent to litigate it himself?

*Pruitt v. Mote*, 503 F.3d 647, 654 (7th Cir. 2007). When a litigant fails to satisfy the first inquiry, the court is justified in denying the motion. *Jackson*, 953 F.2d at 1073. Scroggin does not address this first prong, and there is nothing in the motion to indicate that he has made any efforts to obtain counsel on his own. Accordingly, the motion will be denied. However, the Court will direct the Clerk to send Scroggin ten copies of this screening order so that he can enclose them in his letters to attorneys asking them to represent him in this case.

CONCLUSION

For the foregoing reasons, the Court:

(1) **DENIES** the motion for appointment of counsel (DE #4);

(2) **DIRECTS** the Clerk to send Scroggin ten copies of this screening order;

(3) **DENIES** the request for a preliminary injunction;

(4) **DIRECTS** the Clerk to send a copy of Scroggin's amended complaint (DE #16) along with his letter (DE #20) a copy of this order to the Superintendent of the Miami Correctional Facility;

(5) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Peggy Dawson and Victoria Burdine in their individual capacities for money damages for continuing to administer crushed Wellbutrin that they were told had made his

-13-

condition worse;

(6) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Peggy Dawson and Victoria Burdine for injunctive relief in connection with properly administering Wellbutrin;

(7) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Lee Ann Ivers in her individual capacity for money damages for denying him adequate medical care by ignoring his health care requests for his damaged taste buds;

(8) **GRANTS** Brandon Lee Scroggin leave to proceed on his Eighth Amendment claim against Lee Ann Ivers for injunctive relief to schedule medical treatment of his damaged taste buds;

(9) **DISMISSES** all other claims;

(10) **DISMISSES** Kathy Griffin, Jennifer Fiscal, Marlene Parker, Richard Webber, and Corizon Health;

(11) **DIRECTS** the United States Marshals Service, pursuant to 28 U.S.C. § 1915(d), to effect service of process on Peggy Dawson, Victoria Burdine and Lee Ann Ivers; and

(12) **ORDERS**, pursuant to 42 U.S.C. § 1997e(g)(2), that Peggy Dawson, Victoria Burdine and Lee Ann Ivers respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10.1, only to the claim for which the *pro se* plaintiff has been granted leave to proceed in this screening order.

**DATED: July 5, 2016**　　　　　　　　　　/s/ **RUDY LOZANO, Judge**
　　　　　　　　　　　　　　　　　　　　**United States District Court**