**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION**

| | | |
|---|---|---|
| BRANDON LEE SCROGGIN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CAUSE NO. 2:15-CV-432 |
| | ) | |
| PEGGY DAWSON, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This matter is before the Court on Defendants' Dr. Vickie Burdine, Ann Ivers, and Margaret Dawson's Motion for Summary Judgment Due to Plaintiff's Failure to Exhaust Administrative Remedies, filed by the Defendants on August 19, 2016 (DE #30). For the reasons set forth below, this motion is **GRANTED** and the case is **DISMISSED without prejudice**.

BACKGROUND

In this case, Scroggin alleges that psychiatrists Peggy Dawson and Victoria Burdine denied him adequate medical care by administering crushed time-released Wellbutrin, even though they were told it made his condition worse. He also asserts that Nursing Director Lee Ann Ivers ignored his requests to be seen by medical professionals for his injured taste buds suffered as a result of taking crushed Wellbutrin. Brandon Lee Scroggin was granted leave to proceed on Eighth Amendment claims against Peggy

-1-

Dawson, Victoria Burdine and Lee Ann Ivers. These defendants move for summary judgment, arguing that Scroggin failed to properly exhaust his administrative remedies, as required by 42 U.S.C. § 1997e(a).

Scroggin was provided with a "Notice of Summary-Judgment Motion" as required by N.D. Ind. L.R. 56-1 and a copy of both Federal Rule of Civil Procedure 56 and Local Rule 56-1. (DE #32.) That notice clearly informed him that unless he disputed the facts presented by the defendant, the court could accept those facts as true. Fed. R. Civ. P. 56(e) ("If a party . . . fails to properly address another party's assertion of fact . . . the court may . . . consider the fact undisputed for purposes of the motion."). It also told him that unless he submitted evidence creating a factual dispute, he could lose this case. Fed. R. Civ. P. 56(a) ("The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."). Despite being given proper notice of the motion for summary judgment, Scroggin has not responded.

DISCUSSION

Summary Judgment Standard

Summary judgment must be granted when "there is no genuine dispute as to any material fact and the movant is entitled to

judgment as a matter of law." FED. R. CIV. P. 56(a). A genuine dispute of material fact exists when "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Not every dispute between the parties makes summary judgment inappropriate; "[o]nly disputes over facts that might affect the outcome of the suit under the governing law will properly preclude the entry of summary judgment." *Id.* In determining whether summary judgment is appropriate, the deciding court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Ogden v. Atterholt*, 606 F.3d 355, 358 (7th Cir. 2010). "However, our favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Fitzgerald v. Santoro*, 707 F.3d 725, 730 (7th Cir. 2013) (citing *Harper v. C.R. Eng., Inc.*, 687 F.3d 297, 306 (7th Cir. 2012)).

A. Scroggin Failed to Exhaust His Administrative Remedies

Under the Prison Litigation Reform Act ("PLRA"), prisoners are prohibited from bringing an action in federal court with respect to prison conditions until "such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The failure to exhaust is an affirmative defense on which the defendant bears the burden of proof. *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir.

2006). The United States Court of Appeals for the Seventh Circuit has taken a "strict compliance approach to exhaustion." *Id.* Therefore, "[t]o exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require." *Pozo v. McCaughtry*, 286 F.3d 1022, 1025 (7th Cir. 2002). "[U]nless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Id.* at 1023.

Notably, there was an inmate grievance process in place while Scroggin was housed at the Miami Correctional Facility ("Miami"). (Ex. A, Decl. Sgt. Bowman ¶ 7; Ex. B, IDOC Offender Grievance Process.) All inmates go through an orientation and are provided with a copy of the Department's Orientation Handbook, which details the grievance process. (Ex. A ¶ 7.) The grievance process has three steps: (1) an informal attempt to solve a problem; (2) submission of a written grievance; and (3) a written appeal. (*Id.* at ¶ 8.) The process begins with the inmate attempting to resolve the matter informally with staff. (*Id.* at ¶ 9.) If the issue cannot be resolved informally, the inmate must file a formal grievance within 20 working days of the underlying incident. (*Id.* at ¶ 10.) If the grievance is not resolved to the inmate's satisfaction, he must file an appeal of the grievance response. (*Id.* at ¶ 11.) If the inmate does not receive any response to his

grievance within 20 days of being investigated, the grievance is deemed denied and he may proceed to the next step. (*Id.* at ¶ 13.)

While housed at Miami, Scroggin submitted three (3) formal grievances. (*Id.* at ¶ 15; Ex. C, Scroggin's Inmate Grievance History log.) Thus, Scroggin clearly understood the grievance process and it was available to him. Two of those grievances involved complaints regarding Wellbutrin administration.

Scroggin submitted Formal Grievance 89588 on October 29, 2015. (Ex. A at ¶ 16; Ex. D, Grievance 89588.) That grievance was denied on December 1, 2015. (Ex. A at ¶ 16.) Scroggin never notified Sergeant Brenda Bowman, the Offender Grievance Specialist at Miami, that he wished to appeal the denial of that grievance. (*Id.* at ¶ 17.) Nor did Scroggin ever submit a written appeal. (*Id.*)

Scroggin submitted Formal Grievance 89686 on November 4, 2015. (*Id.* at ¶ 19; Ex. F, Grievance 89686.) That grievance was denied on January 12, 2016.[1] (Ex. A at¶ ¶ 19.) Scroggin never notified Sergeant Bowman of his desire to appeal the denial of that grievance. (*Id.* at 20.) Nor did Scroggin ever complete a written appeal for this grievance either. (*Id.*)

The undisputed facts show that Miami had a grievance process in place at the time of these events, but Scroggin failed to

---

[1] Though this response is untimely, that is of no matter. Under the grievance policy, a grievance is deemed denied after 20 days if no response is received. (Ex A at ¶ 13.) Scroggin could have proceeded to the next step at that point, but he failed to avail himself of this available remedy.

complete that process as to either of his grievances regarding the administration of Wellbutrin because he failed to submit a written appeal. Accordingly, Scroggin did not fully exhaust his administrative remedies before bringing this lawsuit, *see Pozo*, 286 F.3d at 1025, and the case must be dismissed pursuant to 42 U.S.C. § 1997e(a). It is not clear that Scroggin still has the ability to exhaust, but because the IDOC could allow him to cure his omission, the dismissal will be without prejudice. *Ford*, 362 F.3d at 401 ("[A]ll dismissals under § 1997e(a) should be without prejudice.").

CONCLUSION

For the reasons set forth above, the motion for summary judgment (DE #30) is **GRANTED** and this case is **DISMISSED without prejudice** pursuant to 42 U.S.C. § 1997e(a).

**DATED: October 12, 2016**             /s/ RUDY LOZANO, Judge
                                         **United States District Court**